**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

GJL HOLDING COMPANY LLC      )
           Plaintiff,      )
                        )
v.      )
                        )      Case No. 3:25-cv-30
SKIP ALONG GRAPHICS INC.,      )
and REGINA POCOPANNI,      )
                        )
          Defendants.      )

## COMPLAINT

Plaintiff GJL Holding Company LLC ("Plaintiff"), through undersigned counsel, hereby brings this Complaint against Defendants Skip Along Graphics Inc. ("SAG") and Regina Pocopanni (collectively, "Defendants") and alleges as follows:

### Nature of Petition

1.    This is an action for copyright infringement under the 1976 Copyright Act 17 U.S.C. § 101 et seq., ("Copyright Act") and for violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202 et seq. ("DMCA").

### The Parties

2.    Plaintiff GJL Holding Company LLC is a limited liability company organized under the laws of the State of North Carolina.

3.     Upon information and belief, defendant Skip Along Graphics Inc. (hereinafter "SAG") is a Florida corporation with a principal place of business in Pensacola, Florida.

4.     Upon information and belief, defendant Regina Pocopanni is an individual residing in Pensacola, Florida and, at all times relevant to this case, was president and sole shareholder of SAG.

## Jurisdiction and Venue

5.     This Court has original and exclusive federal question jurisdiction over the copyright infringement and DMCA claims asserted herein pursuant to 17 U.S.C. § 101 et seq. and 28 U.S.C. §§ 1331, 1338(a).

6.     The Court has personal jurisdiction over Defendants because Defendants reside in this Judicial District.

7.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and 1400(a).

## Background

8.     Gina Jane Lee ("GJL") is a freelance artist engaged in the business of licensing her artwork for use on a wide variety of commercial products such as puzzles, flags, home décor, playing cards, gift bags, and textiles. GJL has worked as a professional artist, illustrator, and designer for more than 34 years.

9.    GJL is proficient in many different mediums including watercolor, gouache, pen and ink, oil on canvas and panel, digital painting and illustration, charcoal, pastels, and wood carving. Regardless of the medium, GJL's original works are digitized so that they can be licensed for use on commercial products.

10.    For decades, GJL's artwork has been a part of manufactured products sold in retail stores such as Target, Joann's, Michael's, TJ Max, Quilt Shops, Dillards, Nordstrom, JCPenney, QVC, Cracker Barrel, Walmart, Dollar Tree, Lowe's, and many other well-known retail outlets.

11.    GJL's artwork and designs continue to lead the industry with best-selling products across the globe. Manufacturers depend on GJL for original artwork due to the high quality of her artwork and dedication to her craft.

12.    Over more than three decades, GJL has expended substantial time, money, and other resources to create original artwork and build a portfolio containing thousands of designs that are available for licensing.  The artwork created by GJL is referred to herein collectively as the GJL Works.

13.    GJL customarily includes a signature in GJL Works that are offered for licensing. GJL requires licensees to include her signature and a notice of copyright in any of her artwork used on licensed products. The presence of copyright management information identifies GJL to potential licensees and is a source of new business for GJL.

14.    Due to the success of her designs in the market, the GJL Works are frequently the target of infringers. Online marketplaces are swamped with unlicensed products that infringe copyrights in the GJL Works. The copyright infringement of GJL Works is causing irreparable harm to GJL and her licensees.

15.    For example, infringers selling unlicensed products undercut the selling price of licensed products, which makes it difficult for GJL's licensees to compete in the marketplace. Rather than compete with infringer, GJL's licensees are likely to discontinue use of artwork once it has been copied and becomes widely available from numerous unauthorized sources. Further, the presence of unauthorized copies makes it nearly impossible to license the artwork to other businesses, which effectively reduces the value of the infringed GJL Works to zero. In short, widespread copyright infringement has destroyed the commercial value of many GJL works.

16.    GJL is constantly creating new works to stay ahead of infringers. Unfortunately, when new GJL Works are introduced to the market through licensed products, it does not take long for infringers to copy such new designs that achieve success in the marketplace. Trying to stay ahead of the infringers is like running on a treadmill—a lot of work just to end up going nowhere.

17.    The introduction of infringing products harms existing business relations between GJL and its licensees and causes reputational harm. GJL offers

4

licenses on an exclusive basis, especially for manufacturers offering high-end products. These high-end products command higher prices because they can only be acquired from a single source, and the value of the design to the licensee depends on its uniqueness in the marketplace. When such high-end products are copied, not only is an exclusive licensee unlikely to renew a license with GJL, but often ceases to offer the licensed product for sale even before the end of the license period. In short, GJL's inability to control her designs and ensure exclusivity is harming GJL's reputation among companies seeking exclusive licensing arrangements.

18.     In addition to the intangible harm caused to her business and reputation, infringing products in the online marketplace are causing an enormous amount of financial harm. GJL does not receive any royalties from persons selling unlicensed products and is therefore deprived of compensation for unauthorized use of GJL Works. Additionally, the low cost knock-offs drive prices of licensed products down which reduces the amount of royalties received by GJL from her licensees. Most licenses require payment of a royalty based on total sales. When licensees are forced to compete with unlicensed products at reduced prices, total sales are reduced and the amount of royalties collected is less.

## Copyright Registrations at Issue

### *Halloween Costume Pumpkins, Reg. No. VA 2-403-516 (Ex. 1)*

19.     In 2015, GJL created a work titled *Halloween Costume Pumpkins*, depicted below, which was first published on or about September 8, 2015. The copyright in *Halloween Costume Pumpkins* is registered with the United States Copyright Office (Exhibit 1), which is valid and subsisting. GJL has assigned the copyright in *Halloween Costume Pumpkins* to Plaintiff.



20.     GJL sold limited use licenses for *Halloween Costume Pumpkins* and derivatives thereof through her Etsy store.

### *Scarecrow Couple, Reg. No. VA 2-403-762 (Ex. 2)*

21.     In 2015, GJL created a work titled *Scarecrow Couple*, depicted below, which was first published on or about August 14, 2015. The copyright in *Scarecrow Couple* is registered with the United States Copyright Office (Exhibit 2), which is

valid and subsisting.  GJL has assigned the copyright in *Scarecrow Couple* to Plaintiff.



22.    GJL sold limited use licenses for *Scarecrow Couple* and derivatives thereof through her Etsy store.

### Santa Dodd with Pack, Reg. No. VA 2-406-908 (Ex. 3)

23.    In 2018, GJL created a work titled *Santa Dodd with Pack*, depicted below, which was first published on or about August 22, 2018. The copyright in *Santa Dodd with Pack* is registered with the United States Copyright Office (Exhibit 3), which is valid and subsisting. GJL has assigned the copyright in *Santa Dodd with Pack* to Plaintiff.



24.    GJL sold limited use licenses for variations of *Santa Dodd with Pack* through her Etsy store.

**Frosty Mapleton Red Truck, Reg. No. VA 2-403-396 (Ex. 4)**

25.    In 2019, GJL created a work titled *Frosty Mapleton Red Truck*, depicted below, which was first published on or about October 8, 2019. The copyright in *Frosty Mapleton Red Truck* is registered with the United States Copyright Office (Exhibit 4), which is valid and subsisting. GJL has assigned the copyright in *Frosty Mapleton Red Truck* to Plaintiff.



26.    GJL sold limited use licenses for *Frosty Mapleton Red Truck* and derivatives thereof through her Etsy store.

**He is Risen Easter Cross with Purple Robe, Reg. No. VA 2-403-307 (Ex. 5)**

27.    In 2019, GJL created a work titled *He Is Risen Easter Cross with Purple Robe* depicted below, which was first published on or about October 8, 2019. The copyright in *He Is Risen Easter Cross with Purple Robe* is registered with the United States Copyright Office (Exhibit 5), which is valid and subsisting. GJL has assigned the copyright in *He Is Risen Easter Cross with Purple Robe* to Plaintiff.



28.    GJL sold limited use licenses for *He Is Risen Easter Cross with Purple Robe* and derivatives thereof through her Etsy store.

**Vintage Candy Cane Lane Round Sign, Reg. No. VA 2-403-823 (Ex. 6)**

29.    In 2019, GJL created a work titled *Vintage Candy Cane Lane Round Sign*, depicted below, which was first published on or about October 18, 2019. The copyright in *Vintage Candy Cane Lane Round Sign* is registered with the United States Copyright Office (Exhibit 6), which is valid and subsisting. GJL has assigned the copyright in *Vintage Candy Cane Lane Round Sign* to Plaintiff.



30.    GJL sold limited use licenses for *Vintage Candy Cane Lane Round Sign* and derivatives thereof through her Etsy store.

**Santa Cory Portrait, Reg. No. VA 2-403-833 (Ex. 7)**

31.    In 2020, created a work titled *Santa Cory Portrait*, depicted below, which was first published on or about June 1, 2020. The copyright in *Santa Cory Portrait* is registered with the United States Copyright Office (Exhibit 7), which is valid and subsisting. GJL has assigned the copyright in *Santa Cory Portrait* to Plaintiff.



32.    GJL sold limited use licenses for *Santa Cory Portrait* and derivatives thereof through her Etsy store.

**Lady Bugs and Shasta Daisies, Reg. No. VA 2-403-302 (Ex. 8)**

33.    In 2020, GJL created a work titled *Lady Bugs and Shasta Daisies*, depicted below, which was first published on or about August 15, 2020. The copyright in *Lady Bugs and Shasta Daisies* is registered with the United States Copyright Office (Exhibit 8), which is valid and subsisting. GJL has assigned the copyright in *Lady Bugs and Shasta Daisies* to Plaintiff.



34.    GJL sold limited use licenses for *Lady Bugs and Shasta Daisies* and derivatives thereof through her Etsy store.

**Ford Truck Valentine Bears and Balloons, Reg. No. VA 2-403-518 (Ex. 9)**

35.    In 2020, GJL created a work titled *Ford Truck Valentine Bears and Balloons*, depicted below, which was first published on or about August 20, 2020. The copyright in *Ford Truck Valentine Bears and Balloons* is registered with the United States Copyright Office (Exhibit 9), which is valid and subsisting. GJL has assigned the copyright in *Ford Truck Valentine Bears and Balloons* to Plaintiff.



36.    GJL sold limited use licenses for *Ford Truck Valentine Bears and Balloons* and derivatives thereof through her Etsy store.

**Easter Bunny Couple Garden Scene, Reg. No. VA 2-403-522 (Ex. 10)**

37.    In 2020, GJL created a work titled *Easter Bunny Couple Garden Scene*, depicted below, which was first published on or about January 9, 2020. The copyright in *Easter Bunny Couple Garden Scene* is registered with the United States Copyright Office (Exhibit 10), which is valid and subsisting. GJL has assigned the copyright in *Easter Bunny Couple Garden Scene* to Plaintiff.



38.    GJL sold limited use licenses for *Easter Bunny Couple Garden Scene* and derivatives thereof through her Etsy store.

**Farmhouse Ornaments Trio in Red, White, Black, Reg. No. VA2-403-569 (Ex. 11)**

39.    In 2019, GJL created a work titled *Farmhouse Ornaments Trio in Red, White, Black*, depicted below, which was first published on or about September 4, 2019. The copyright in *Farmhouse Ornaments Trio in Red, White, Black* is registered with the United States Copyright Office (Exhibit 11), which is valid and subsisting. GJL has assigned the copyright in *Farmhouse Ornaments Trio in Red, White, Black* to Plaintiff.



40.     GJL sold limited use licenses for *Farmhouse Ornaments Trio in Red, White, Black* and derivatives thereof through her Etsy store.

**Santa Cottage Pine Trees, Reg. Nos. VA 2-413-166, VAu 1-494-140 (Exs. 12-13)**

41.     In 2020, GJL created a work titled *012-25LEE_SANTA_portrait_Cottage-Pine-Trees* ("*Santa Cottage Pine Trees*"), depicted below, which was first published on November 1, 2020.  The copyright for *Santa Cottage Pine Trees* is registered with the United States Copyright Office (Exhibits 12-13), which is valid and subsisting. GJL has assigned the copyright in *Santa Cottage Pine Trees* to Plaintiff.



42.    GJL sold limited use licenses for *Santa Cottage Pine Trees* and derivatives thereof through her Etsy store.

***Snowman Waving "Let it Snow", Reg. No. VA 2-403-763 (Ex. 14)***

43.    In 2020, GJL created a work titled *Snowman Waving 'Let It Snow'*, which was first published on or about September 17, 2020. The copyright for *Snowman Waving 'Let It Snow'* is registered with the United States Copyright Office (Exhibit 14), which is valid and subsisting. GJL has assigned the copyright in *Snowman Waving 'Let It Snow'* to Plaintiff.



44.    GJL sold limited use licenses for *Snowman Waving 'Let It Snow'* and derivatives thereof through her Etsy store.

**Scrollwork Pumpkins at Sunset with Chickadees, Reg. No. VA 2-403-759 (Ex. 15)**

45.    In 2021, GJL created a work titled *Scrollwork Pumpkins at Sunset with Chickadees*, which was first published on or about August 9, 2021. The copyright for *Scrollwork Pumpkins at Sunset with Chickadees* is registered with the United States Copyright Office (Exhibit 15), which is valid and subsisting. GJL has assigned the copyright in *Scrollwork Pumpkins at Sunset with Chickadees* to Plaintiff.



46.    GJL sold limited use licenses for *Scrollwork Pumpkins at Sunset with Chickadees* and derivatives thereof through her Etsy store.

**Sweet Heart Gnomes with Heart Balloons, Reg. No. VA 2-403-812 (Ex. 16)**

47.    In 2020, GJL created a work titled *Sweet Heart Gnomes with Heart Balloons*, which was first published on or about September 17, 2020. The copyright for *Sweet Heart Gnomes with Heart Balloons* is registered with the United States Copyright Office (Exhibit 16), which is valid and subsisting. GJL has assigned the copyright in *Sweet Heart Gnomes with Heart Balloons* to Plaintiff.



48.    GJL sold limited use licenses for *Sweet Heart Gnomes with Heart Balloons* and derivatives thereof through her Etsy store.

49.    Additional copyright registrations and pending applications may be relevant to the claims asserted herein.  The GJL Works for which a copyright registration has been granted are referred to herein as the Registered Works.  The GJL Works assigned to Plaintiff are referred to as Plaintiff's Works, which include Registered Works.

<u>**Copyright Management Information at Issue**</u>

50.    Between 2019 and 2024, Gina Jane Lee offered limited use licenses for digital images containing her original artwork through an Etsy store called Gina Jane Studio. The Gina Jane Studio store included individual download pages for each digital image available for licensing. The download pages for the digital images included copyright management information that was displayed along with the

image being licensed. The copyright management information included the author's/owner's name, title of the work, and terms of use.

51.    The terms of use for digital images available from Gina Jane Studio allowed the buyer to use the digital image on hand-made items only to be sold through the Etsy platform, Facebook, and at craft fairs, required that the buyer include copyright notice identifying the author/owner in their product descriptions and listings and/or on the product packaging, and expressly prohibited the sale of digital products.

52.    Many of the digital images included the author's signature embedded in the digital image.

## Defendants' Use Of The GJLWorks

53.    Upon information and belief, Defendants acquired digital copies of GJL Works from the Gina Janes Studio on the Etsy platform including one or more of Plaintiff's Works.

54.    Upon information and belief, Defendants modifed Plaintiff's Works obtained from Gina Jane Studio to create derivative works based on the Plaintiff's Works without the knowledge or consent of GJL or Plaintiff and has made the revised digital images available for licensing through an Etsy store operated by Defendants known as Skip Along Graphics. The works created by Defendants based on Plaintiff's Works are referred to herein collectively as the Accused Designs. The

distribution of the Accused Designs by Defendants violated the terms of use for digital images downloaded through the Gina Jane Studio store on the Etsy platform.

55.    Upon information and belief, the Accused Designs offered for licensing by Defendants through the Skip Along Graphics store on the Etsy platform did not include copyright management information that was conveyed with the digital image downloaded from the Gina Jane Studio store, did not include a copyright notice, and did not otherwise identify the author/owner of the copyright in the digital images.

56.    Table 1 below shows some of the revised digital images believed to be made by Defendants compared to original GJL Works.

| Table 1: Comparison Of Accused Designs With Original GJL Works | |
|---|---|
| Original Digital Image | Revised Digital Image |
|  |  |

| Original Digital Image | Revised Digital Image |
|---|---|



| Original Digital Image | Revised Digital Image |
|---|---|



| Original Digital Image | Revised Digital Image |
|---|---|



| Original Digital Image | Revised Digital Image |
|:---:|:---:|



| Original Digital Image | Revised Digital Image |
|:---:|:---:|



57.    Upon information and belief, Defendants offered commercial use licenses for the Accused Designs to its buyers without the knowledge or consent of GJL or Plaintiff. Terms of use allowing commercial use were published along with the Accused Designs on the download pages at the Skip Along Graphics store. The altered terms of use constitute false copyright management information.

58.    Upon information and belief, Defendants sold commercial use licenses for one or more of the Accused Designs to a wholesale craft supply business known

as DecoExchange, Inc ("DecoExchange"), a Louisiana corporation with a principal place of business in Chalmette, Louisiana. Upon information and belief, DecoExchange sold products bearing the revised digital images to retailers for resell to consumers as well as directly to consumers without the knowledge or consent of GJL or Plaintiff, or compensation to GJL or Plaintiff.

59.    Upon information and belief, Defendants sold commercial use licenses for one or more of the Accused Designs to an agent or supplier for The Gerson Company ("Gerson"), a Missouri corporation with a principal place of Business in Olanthe, Kansas. Upon information and belief, Gerson sold products bearing the revised digital images to retailers for resell to consumers without the knowledge or consent of Plaintiff or compensation to Plaintiff.

60.    Upon information and belief, Defendants sold commercial use licenses for one or more of the Accused Designs to others who are currently unknown to Plaintiff and who have sold products bearing the revised digital images to retailers for resell and to consumers without the knowledge or consent of Plaintiff or compensation to Plaintiff.

*[remainder left blank intentionally]*

## Count I – Copyright Infringement

61.    Plaintiff repeats and realleges Paragraphs 1 – 60 of the Complaint.

62.    Without authorization or consent from Plaintiff or GJL, the Defendants obtained digital copies of Plaintiff's Works from the Gina Jane Studio store and created the Accused Designs based on Plaintiff's Works. Defendant sold digital copies of the Accused Designs with commercial use licenses to others including DecoExchange and Gerson. As a result, Defendants have infringed the copyrights in Plaintiff's Works including the right to reproduce the works, to create the derivative works based on the works, to publicly display the works, and to distribute the works. The Plaintiff's Works infringed by Defendant include one or more Registered Works.

63.    Defendants have also contributed to and induced others to infringe the Plaintiff's Works by selling digital copies of the Accused Designs to others with commercial use licenses that purportedly authorized the buyers to use the Accused Designs on products sold by the buyer.

64.    Each of the Defendants personally participated in the acts of infringement as herein alleged. Acts of infringement committed by Defendant SAG were done at the direction of Ms. Regina Pocopanni, who had a direct financial interest in the transactions.

65.    The acts of copyright infringement as herein alleged were done deliberately and with willful disregard of the rights of others in Plaintiff's Works.

66.    The acts of the Defendants have caused actual injury to Plaintiff and GJL in the form of lost profits, injury to GJL's business relations with clients, and injury to GJL's reputation. Additionally, Defendants have unjustly profited from the sales of the Accused Designs.

### Count II – DMCA Violation

67.    Plaintiff repeats and realleges Paragraphs 1 – 60 of the Complaint.

68.    Upon information and belief, Defendants intentionally removed or altered copyright management information conveyed in connection with Plaintiff's Works offered for licensing through the Gina Jane Studio store, including removal of the author's and/or copyright owner's name, and removal of terms of use conveyed with the digital images at the time of downloading. The removal of copyright management information by Defendants a violates 17 U.S. C. §1202(b)(1).

69.    Upon information and belief, Defendants altered the terms of use and other copyright management information conveyed in connection with digital images offered for licensing through the Gina Jane Studio store and distributed the altered copyright management information with full knowledge of the alterations violation of 17 U.S.C. §§1202(b)(2) and 1202(a).

70.    Upon information and belief, Defendants distributed the Accused Designs knowing that the copyright management information had been removed without authority of the copyright owner and with intent to conceal infringement of the Copyrighted Works in violation of 17 U. S. C. §§1202(b)(2) and 1202(b)(3).

71.    Each of the Defendants participated in the DMCA violations including the removal of copyright management information from the GJL Works, and the distribution of unlawful copies of Plaintiff's Works without copyright management information, and the distribution of unlawful copies of the Plaintiff's Works with false copyright management information. The DMCA committed by Defendant SAG were done at the direction of Ms. Regina Pocopanni, who had a direct financial interest in the transactions.

72.    The DMCA violations as herein alleged were done deliberately and with willful disregard of the rights of others in Plaintiff's Works.

73.    The acts of the Defendants have caused actual injury to Plaintiff and GJL in the form of lost profits, injury to GJL's business relations with clients, and injury to GJL's reputation. Additionally, Defendants have unjustly profited from the distribution and sale of the Accused Designs.

## <u>JURY DEMAND</u>

Plaintiff, pursuant to Fed. R. Civ. P. 38(b), hereby demands a trial by jury in this action on all issues so triable of right.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff requests that:

1. Plaintiff be awarded actual damages resulting from the infringement of its copyrights;

2. Plaintiff be awarded all profits made by Defendants attributable to their infringement of Plaintiff's copyrights;

3. Plaintiff be awarded statutory damages pursuant to 17 U.S.C. § 1203(c)(3) for Defendants' violations of 17 U.S.C. §1202;

4. Plaintiff be awarded all cost, including reasonable attorney's fees and expenses, to the extent allowed by law;

5. Defendants, and all persons acting in concert with Defendants, be enjoined from directly or indirectly engaging in further acts in violation of 17 U.S.C. § 1202, including but not limited to the removal or alteration of copyright management information from Plaintiff's works without authorization and the distribution of copies of Plaintiff's works having copyright management information removed;

6.    Plaintiff be awarded prejudgment and post-judgment interest on all monetary awards, from the date of judgment until paid in full; and

7.    any other and further relief as the Court shall deem just and proper under the circumstances.

Dated: January 21, 2025

*/s/H. Jared Doster*
H. Jared Doster
Florida Bar No.: 1024069
**DOSTER LAW PLLC**
97 W Oak Ave Ste 300
Panama City, FL 32401-2735
jared@doster.law
Telephone: (850) 319-4248
(local counsel)

*-and-*

David E. Bennett
**COATS AND BENNET, PLLC**
1400 Crescent Green Drive, Suite 300
Cary, NC 27518
dbennett@coatsandbennett.com
Telephone: (919) 854-1844
(*pro hac vice* to be filed)

*Attorneys for Plaintiff*